UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL A. MCKNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 00-2607 |
| | ) | (EGS) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

FILED

## MEMORANDUM OPINION AND ORDER

On July 8, 2002, this Court afforded the plaintiff "one final opportunity" to file an amended complaint that would meet the notice pleading standard of Fed. R. Civ. P. 8.

On July 30, 2002, plaintiff filed a second amended complaint asserting claims against the District of Columbia, Anthony Williams, Charles Ramsey, Dexter Martin and a John Doe Metropolitan Police officer.  The second amended complaint contains seven counts: assault and battery (Count I); false arrest (Count II); false imprisonment (Count III); deprivation of civil rights under color of law (unlawful arrest, search and incarceration) (Count IV); negligence in failure to properly train and supervise (Count V); intentional infliction of emotional distress (Count VI); and conspiracy and malicious prosecution (Count VII).

On August 12, 2002, the District of Columbia filed a motion to partially dismiss plaintiff's second amended complaint.

Plaintiff filed an opposition memorandum on August 30, 2002 and defendant filed a reply to plaintiff's opposition on September 12, 2002.

The Court's July 8, 2002 opinion recited the facts alleged by plaintiff with respect to the police shooting that occurred on December 8, 1999.  Because the factual allegations contained in the second amended complaint are substantially similar, the Court will not recite them again.

**I.   Motion to Partially Dismiss the Second Amended Complaint**

Defendant District of Columbia asks the Court to dismiss Counts III-VII.  The District argues that the complaint includes duplicative counts, as well as counts that fail to contain sufficient facts that would provide the District with fair notice of the plaintiff's claims.  The Court is inclined to agree.

As an initial matter, the Court notes that every count of plaintiff's second amended complaint, with the exception of Count VI (intentional infliction of emotional distress), contains the following allegation or a similar version therof: "the constitutional violations of the plaintiff were caused by the implementation of a custom, policy, or official act of Defendant, District of Columbia."  *See* Sec. Am. Compl. ¶¶ 19, 27, 32, 41, 46, 54.  This allegation was apparently included in the complaint in response to the Court's July 8, 2002 opinion noting that plaintiff had failed to allege that the violation of his

2

constitutional rights was a result of a governmental custom or practice.

The clear import of the inclusion of these claims is that the Court may treat plaintiffs' complaint as alleging constitutional torts, and need not reach defendants' affirmative defense that the claims are barred by the statute of limitations. *See* District's Mot. to Dismiss Sec. Am. Compl., at 1 n.1.

Counts II, III, IV

The Court is persuaded that Count II (false arrest) and Count III (false imprisonment) are duplicative. Both appear to allege a deprivation of "life, liberty or property without due process of law" in violation of the Fifth Amendment. While Count II alleges no specific acts by defendants that violated plaintiff's constitutional rights, other than those included in the first part of the complaint which are incorporated by reference, Count III alleges that plaintiff was unconstitutionally handcuffed to a bed, and denied a right to a phone call and to visitation. The only other difference between the two counts is their titles - false arrest and false imprisonment.

The District argues that the Court should dismiss Count III as duplicative. However, to the extent that Count III alleges additional facts, the Court is inclined to dismiss Count II, and to read Count III as alleging a due process violation arising out

3

of the conduct described in paragraphs 1-16 of the complaint, as well as that set forth in paragraph 34.

Count IV asserts constitutional causes of action arising under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Sec. Am. Compl. ¶ 38.  The Count further alleges violations of both the Due Process and the Equal Protection Clauses of the Fourteenth Amendment.

The District argues that Count IV should be dismissed as duplicative.  However, the count, as phrased in the complaint, may well encompass more conduct than Count III's allegation of a due process violation.  Accordingly, the Court allows this count to stand.  However, to the extent that Count IV alleges a violation of equal protection principles, the complaint fails to provide sufficient factual allegations that might put defendants on notice of the grounds of this charge.  Thus, the Court will strike the equal protection claim from Count IV.  To the extent that discovery may reveal a basis for amending the complaint to reinstate an equal protection claim, plaintiff may so move the Court.

Count V

Count V of the complaint alleges that plaintiffs' injuries were caused by "negligent training and supervision."  However, the District contends that count fails to state a cognizable claim because the Supreme Court has held that merely negligent

4

training and supervision is inadequate to establish municipal

liability under Section 1983. *Canton v. Harris*, 489 U.S. 378,

391 (1989). Plaintiff fails to defend Count V in his opposition

memorandum. *Canton* held that "the inadequacy of police training

may serve as the basis for § 1983 liability only where the

failure to train amounts to deliberate indifference to the rights

of persons with whom the police come into contact." *Id*. at 388.

Plaintiff's complaint clearly alleges only that "[t]he Defendants

were negligent in providing adequate and/or proper training and

procedures...." As such, Count V must be dismissed for failure

to state a legally cognizable claim upon which relief may be

granted.


### Count VI

Count VI of plaintiff's complaint alleges that defendants

are liable for intentional infliction of emotional distress.

This count does <u>not</u> contain an allegation that the defendants'

conduct violated plaintiff's constitutional rights. As such, the

Court can only assume that this count is intended to assert a

common law tort claim.

The District's motion to dismiss argued that, to the extent

that plaintiff's complaint was read to include common law tort

claims, the District would contend that such claims are barred by

the statute of limitations. The District argues that D.C. Code

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
MICHAEL A. MCKNIGHT,                )
                                    )
               Plaintiff,           )   Civil Action No. 00-2607
                                    )   (EGS)              FILED
        v.                          )
                                    )              ...
DISTRICT OF COLUMBIA, et al.        )
                                    )
               Defendants.          )
                                    )
```

## MEMORANDUM OPINION AND ORDER

On July 8, 2002, this Court afforded the plaintiff "one final opportunity" to file an amended complaint that would meet the notice pleading standard of Fed. R. Civ. P. 8.

On July 30, 2002, plaintiff filed a second amended complaint asserting claims against the District of Columbia, Anthony Williams, Charles Ramsey, Dexter Martin and a John Doe Metropolitan Police officer.  The second amended complaint contains seven counts: assault and battery (Count I); false arrest (Count II); false imprisonment (Count III); deprivation of civil rights under color of law (unlawful arrest, search and incarceration) (Count IV); negligence in failure to properly train and supervise (Count V); intentional infliction of emotional distress (Count VI); and conspiracy and malicious prosecution (Count VII).

On August 12, 2002, the District of Columbia filed a motion to partially dismiss plaintiff's second amended complaint.

Plaintiff filed an opposition memorandum on August 30, 2002 and defendant filed a reply to plaintiff's opposition on September 12, 2002.

The Court's July 8, 2002 opinion recited the facts alleged by plaintiff with respect to the police shooting that occurred on December 8, 1999.  Because the factual allegations contained in the second amended complaint are substantially similar, the Court will not recite them again.

## I.    Motion to Partially Dismiss the Second Amended Complaint

Defendant District of Columbia asks the Court to dismiss Counts III-VII.  The District argues that the complaint includes duplicative counts, as well as counts that fail to contain sufficient facts that would provide the District with fair notice of the plaintiff's claims.  The Court is inclined to agree.

As an initial matter, the Court notes that every count of plaintiff's second amended complaint, with the exception of Count VI (intentional infliction of emotional distress), contains the following allegation or a similar version therof: "the constitutional violations of the plaintiff were caused by the implementation of a custom, policy, or official act of Defendant, District of Columbia." *See* Sec. Am. Compl. ¶¶ 19, 27, 32, 41, 46, 54.  This allegation was apparently included in the complaint in response to the Court's July 8, 2002 opinion noting that plaintiff had failed to allege that the violation of his

2

constitutional rights was a result of a governmental custom or practice.

The clear import of the inclusion of these claims is that the Court may treat plaintiffs' complaint as alleging constitutional torts, and need not reach defendants' affirmative defense that the claims are barred by the statute of limitations. *See* District's Mot. to Dismiss Sec. Am. Compl., at 1 n.1.

### Counts II, III, IV

The Court is persuaded that Count II (false arrest) and Count III (false imprisonment) are duplicative. Both appear to allege a deprivation of "life, liberty or property without due process of law" in violation of the Fifth Amendment. While Count II alleges no specific acts by defendants that violated plaintiff's constitutional rights, other than those included in the first part of the complaint which are incorporated by reference, Count III alleges that plaintiff was unconstitutionally handcuffed to a bed, and denied a right to a phone call and to visitation. The only other difference between the two counts is their titles - false arrest and false imprisonment.

The District argues that the Court should dismiss Count III as duplicative. However, to the extent that Count III alleges additional facts, the Court is inclined to dismiss Count II, and to read Count III as alleging a due process violation arising out

of the conduct described in paragraphs 1-16 of the complaint, as well as that set forth in paragraph 34.

Count IV asserts constitutional causes of action arising under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.   Sec. Am. Compl. ¶ 38.   The Count further alleges violations of both the Due Process and the Equal Protection Clauses of the Fourteenth Amendment.

The District argues that Count IV should be dismissed as duplicative.   However, the count, as phrased in the complaint, may well encompass more conduct than Count III's allegation of a due process violation.   Accordingly, the Court allows this count to stand.   However, to the extent that Count IV alleges a violation of equal protection principles, the complaint fails to provide sufficient factual allegations that might put defendants on notice of the grounds of this charge.   Thus, the Court will strike the equal protection claim from Count IV.   To the extent that discovery may reveal a basis for amending the complaint to reinstate an equal protection claim, plaintiff may so move the Court.

Count V

Count V of the complaint alleges that plaintiffs' injuries were caused by "negligent training and supervision."   However, the District contends that count fails to state a cognizable claim because the Supreme Court has held that merely negligent

4

training and supervision is inadequate to establish municipal

liability under Section 1983.  *Canton v. Harris*, 489 U.S. 378,

391 (1989).  Plaintiff fails to defend Count V in his opposition

memorandum.  *Canton* held that "the inadequacy of police training

may serve as the basis for § 1983 liability only where the

failure to train amounts to deliberate indifference to the rights

of persons with whom the police come into contact."  *Id*. at 388.

Plaintiff's complaint clearly alleges only that "[t]he Defendants

were negligent in providing adequate and/or proper training and

procedures...."  As such, Count V must be dismissed for failure

to state a legally cognizable claim upon which relief may be

granted.


### Count VI

Count VI of plaintiff's complaint alleges that defendants

are liable for intentional infliction of emotional distress.

This count does <u>not</u> contain an allegation that the defendants'

conduct violated plaintiff's constitutional rights.  As such, the

Court can only assume that this count is intended to assert a

common law tort claim.

The District's motion to dismiss argued that, to the extent

that plaintiff's complaint was read to include common law tort

claims, the District would contend that such claims are barred by

the statute of limitations.  The District argues that D.C. Code

Section 12-301 sets a one-year statute of limitations for all of plaintiff's claims, should they read as common law torts. However, D.C. Code Section 12-301 does not specify a one-year period for bringing claims of intentional infliction of emotional distress.  Accordingly, the general three-year statute of limitations would appear to apply.

Plaintiff's opposition memorandum contains a lengthy discussion of Fed. R. Civ. P. 15(c)(2)'s provision that amendments of pleading relate back to the date of the original pleading.  However, plaintiff fails to explain how this would save Count VI from dismissal.  However, the events at issue in this case occurred on December 8, 1999, and the plaintiff filed his original complaint on August 27, 2000.  Thus, if Fed. R. Civ. P. 15(c)(2) applies to this claim, plaintiff would appear to have complied with the one-year statute of limitation.

Count VII

Count VII is entitled "conspiracy and malicious prosecution."  However, the count itself alleges that: "Defendants conspired to falsely plant evidence, for the purposes of depriving the Plaintiff of equal protection of the laws, causing him to be falsely arrested and prosecuted."  Sec. Am. Compl. ¶ 53.  The complaint contains no additional factual allegations that would give substance to this equal protection claim.  As such, the defendants simply are not on notice of the

6

claim that plaintiff asserts against them.  While a "plaintiff need not set forth the elements of a prima facie case at the initial pleading stage," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1111 (D.C. Cir. 2000), plaintiff is required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 122 S. Ct. 992, 998 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  The Court finds that Count VII fails to put defendants on notice of the grounds for the alleged constitutional violation.

The District also argues that a corporation generally cannot conspire with its agents.  This rule has been applied in cases alleging conspiracies between the District and its agents.  *See Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983).  Thus, the District argues that no conspiracy claim could lie under Count VII.  The Court need not decide this issue, however, as it finds that the equal protection claim asserted in the count fails to give defendants adequate notice.

### Conclusion

For the foregoing reasons, and upon careful consideration of the District of Columbia's motion to dismiss, the response thereto, the entire record herein and pursuant to the relevant statutory and case law, it is hereby

**ORDERED** that the District of Columbia's motion to partially dismiss the second amended complaint is **GRANTED** in part with respect to Counts II (false arrest), V (negligent training and supervision), and VII (conspiracy and malicious prosecution), and with respect to the Equal Protection claims alleged in Count IV (deprivation of civil rights); and it is

**FURTHER ORDERED** that defendant's motion to dismiss is **DENIED** with respect to Counts IV (deprivation of civil rights) and VI (intentional infliction of emotional distress); and it is

**FURTHER ORDERED** that Counts II, V, VII and the equal protection violation alleged in Count IV are dismissed without prejudice; and it is

**FURTHER ORDERED** that the parties shall comply with the requirements of Local Civil Rule 16.3(d) by no later than **February 5, 2003**; and it is

**FURTHER ORDERED** that an Initial Scheduling Conference is scheduled in this case for **February 19, 2003 at 11:00 a.m.** in Courtroom One.

1/21/03
DATE

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

Notice to:

Anthony Graham, Sr., Esquire
Capitol Legal Group
1250 H Street, N.E.
Washington, DC 20002

Steven John Anderson, Esquire
6th Floor South
Office of Corporation Counsel, D.C.
441 Fourth Street, N.W.
Washington, DC 20001-4600